## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ROCHELLE B. HAGAN,**
        **Plaintiff**

**v.**                                        **Civil Action Number**
                                                            **3:06CV390-J**

**MICHAEL J. ASTRUE, Commissioner,**
  **Social Security Administration,**
                              **Defendant**

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's request for review of the decision of the defendant Commissioner denying her claim to disability insurance benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that

Plaintiff filed an application in April and another in December of 2003, alleging that she had been unable to engage in any substantial gainful employment since March 30, 2001. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Hagan's coronary artery disease, history of peripheral vascular disease, carpal tunnel syndrome and lumbar degenerative disc disease were severe impairments that prevented her from performing any of her past relevant work. However, the ALJ further found that she retained the residual functional capacity for a significant range of sedentary work, and that jobs she could perform exist in significant numbers.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court

must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Hagan contends that the ALJ committed legal error by failing to give the proper weight to the opinion of her treating physician. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

Dr. Briones opined on September 17, 2004 that that Ms. Hagan could lift and/or carry less than ten pounds, that she could walk less than thirty minutes in a workday, and could sit less than six hours in a workday. Tr. 211-212. The ALJ declined to give the opinion "controlling weight ... because it is not supported by the weight of the objective medical evidence or by the level of treatment. Moreover, it is contradicted by the claimant's level of activity." Tr. 23.

Ms. Hagan argues that the ALJ erred in failing to discuss every factor that would bear on the weight to be accorded the opinion of a treating doctor. However, the ALJ pointed to Ms. Hagan's testimony regarding daily activities (grocery shopping, doing laundry, driving, and

attending church twice a week). The activities she described are inconsistent with Dr. Briones' opinion of what it is possible for her to do. If the plaintiff's description of her actual activities contradicts the physician's opinion of what activities should be possible for her, it would be nonsensical for the Court to require a step by step analysis of length and frequency of treatment, specialization, etc. If a distinguished meteorologist forecasts a sunny day, yet water is falling out of the cloudy sky, it would be a waste of time to evaluate the meteorologist's credentials before deciding it is raining. There is no error in declining to give controlling weight to Dr. Briones' opinion.

     Ms. Hagan next argues that it was error for the ALJ to have found her diabetes a "non-severe" impairment. To the extent Ms. Hagan suggests that a finding that a particular impairment is not severe can in itself constitute reversible error, she is incorrect. The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, *so long as* the actual impact of that impairment is considered as part of the whole. In this case, Ms. Hagan does not dispute the fact that the ALJ considered the extent to which hand problems and leg pain imposed limitations; she simply argues that the ALJ failed to attribute these to diabetes (as opposed to carpal tunnel or cardiovascular difficulties). In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial

gainful activity." As the functional effects were considered in this case, there was no error.

Ms. Hagan argues that the ALJ erred in evaluating the credibility of her testimony regarding pain. While pain may support a claim of disability, the claimant's subjective assertions are not sufficient. 20 C.F.R. Sec. 404.1529(a), King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929©)(3); Jones, supra, at 1370; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990).

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another

way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987). In this case, the ALJ complied with these requirements. He noted that only conservative treatment has been offered for her back pain, leg pain, and left shoulder pain; she has declined steroid injection; she has not been prescribed pain medication; and the record reflects no treatment for shoulder pain since July of 2004. Tr. 22. With respect to her cardiac difficulties, the ALJ noted the cardiologist's recommendation that she walk daily, and noted the objective testing that revealed no significant abnormalities. Id. The ALJ also noted his careful observation of her at the hearing and his failure to perceive any of the obvious signs of constant pain. Tr. 23. Finally, the ALJ pointed to Ms. Hagan's testimony concerning her daily activities. The ALJ complied with the requirements for evaluating complaints of pain, and there is no basis for this Court to substitute its own judgment in this matter.

The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not

5

decide questions of credibility. See  Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).  In this case, it appears that substantial evidence supports the Commissioner's decision.  It is of no moment whether substantial evidence would support the contrary conclusion.  There is no error of law, and the decision should be affirmed.

     A judgment in conformity has this day entered.